**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000726**
**17-DEC-2021**
**07:47 AM**
**Dkt. 74 SO**

NO. CAAP-19-0000726

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BEAR STEARNS ASSET BACKED SECURITIES I TRUST, ASSET-BACKED CERTIFICATES, SERIES 2006-AQ1, Plaintiff-Appellee,
v.
MALIA LYNN OLIVAS, Defendant-Appellant,
and
ARGENT MORTGAGE COMPANY, LLC; CAPITAL ONE BANK (USA), N.A.; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC151002491)

### SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Malia Lynn **Olivas** appeals from: (1) the order denying her motion to set aside a judgment of foreclosure entered by the Circuit Court of the First Circuit on September 23, 2019 (**Order Denying Motion to Set Aside Foreclosure Judgment**); and (2) the judgment confirming the foreclosure sale (**Judgment Confirming Foreclosure Sale**) entered by the circuit court on September 24, 2019.[1]  For the reasons explained below, we affirm.

---

[1]    The Honorable Jeannette H. Castagnetti presided.

Plaintiff-Appellee U.S. **Bank** NA filed a complaint for mortgage foreclosure against Olivas and others on December 31, 2015.  Olivas was served with the complaint, but did not file or serve a response.

Bank filed a motion for summary judgment and interlocutory decree of foreclosure.  Olivas did not file an opposition.  She did not appear at the hearing.  On March 21, 2017, the circuit court entered findings of fact, conclusions of law, and an order granting summary judgment and an interlocutory decree of foreclosure.[2]  The circuit court appointed a foreclosure commissioner.  Also on March 21, 2017, the circuit court entered a judgment (**Foreclosure Judgment**).  The Foreclosure Judgment was appealable under Hawaii Revised Statutes (**HRS**) § 667-51(a)(1) (2016).  Olivas did not appeal.

The foreclosure commissioner filed a report on April 1, 2019.  Bank moved to confirm the foreclosure sale.  Olivas did not file an opposition.  The motion was heard on May 23, 2019.  Olivas appeared for the first time, through counsel, at the hearing.[3]  The hearing was continued by agreement to June 20, 2019, then to July 11, 2019.  At the continued hearing the circuit court took the motion to confirm under advisement.

On July 3, 2019 (while Bank's motion to confirm the foreclosure sale was under advisement), Olivas filed a motion to set aside the Foreclosure Judgment under Rule 60(b)(4) of the Hawaiʻi Rules of Civil Procedure (**HRCP**).  She contended Bank lacked standing to enforce her mortgage at the time the foreclosure complaint was filed.  She argued that because Bank "failed to establish its standing, this Court's order and judgment were entered in violation of its subject matter jurisdiction, and should be set aside at this time."  On

---

[2]     The Honorable Jeannette H. Castagnetti entered the order and the Foreclosure Judgment for the Honorable Bert I. Ayabe.

[3]     Bank never requested entry of Olivas's default under Rule 55(a) of the Hawaiʻi Rules of Civil Procedure (**HRCP**).

September 23, 2019, the circuit court entered the Order Denying Motion to Set Aside Foreclosure Judgment.

On September 24, 2019, the circuit court entered an order approving the commissioner's report, confirming the foreclosure sale, and ejecting Olivas from the property. Also on September 24, 2019, the circuit court entered the Judgment Confirming Foreclosure Sale.[4]

This appeal followed. Olivas's sole contention is that "[t]he circuit court committed reversible error in failing to set aside its foreclosure judgment and confirming the foreclosure sale, even though [Bank] failed to establish its standing at any time during the case." She cites Bank of Am. v. Reyes-Toledo, 139 Hawaiʻi 361, 370, 390 P.3d 1248, 1257 (2017), for the proposition that the Foreclosure Judgment was void because Bank failed to show it had standing to enforce her note and mortgage at the time its complaint was filed. We review a circuit court's decision on an HRCP Rule 60(b) motion for abuse of discretion. PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020).

The circuit court did not abuse its discretion by denying Olivas's motion to set aside the Foreclosure Judgment. A judgment is void under HRCP Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." In re Hawaiian Elec. Co., 149 Hawaiʻi 343, 362-63, 489 P.3d 1255, 1274-75 (2021). Under Hawaiʻi law standing is not an issue of subject matter jurisdiction. Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 192, 439 P.3d 127, 144 (2019). Olivas does not otherwise contest the circuit court's subject matter jurisdiction, nor does she argue that the circuit court lacked personal jurisdiction over her. The

---

[4]    The Honorable Jeannette H. Castagnetti entered the Order Denying Motion to Set Aside Foreclosure Judgment; the order approving the commissioner's report, confirming the foreclosure sale, and ejecting Olivas from the property; and the Judgment Confirming Foreclosure Sale.

Foreclosure Judgment was not void; the circuit court had jurisdiction to enter it. Because the Foreclosure Judgment was not void, the circuit court did not err by denying Olivas's motion to set it aside.

Olivas does not argue any error unique to the Judgment Confirming Foreclosure Sale. See HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 41, 464 P.3d 821, 829 (2020) (citing Mortg. Elec. Registration Sys., Inc. v. Wise, 130 Hawaiʻi 11, 17, 304 P.3d 1192, 1198 (2013)).

For the foregoing reasons, the Order Denying Motion to Set Aside Foreclosure Judgment entered on September 23, 2019, and the Judgment Confirming Foreclosure Sale entered on September 24, 2019, are affirmed.

DATED: Honolulu, Hawaiʻi, December 17, 2021.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
Matthew K. Yoshida,
for Defendant-Appellant.

Charles R. Prather,
Peter T. Stone,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge