**Electronically Filed
Supreme Court
SCWC-18-0000185
08-OCT-2020
07:47 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

PENNYMAC CORP.,
Respondent/Plaintiff-Appellee,

vs.

LEWANNA GODINEZ,
Petitioner/Defendant-Appellant.

_____

SCWC-18-0000185

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-18-0000185; CIV. NO. 13-1-0741)

OCTOBER 8, 2020

RECKTENWALD, C.J., NAKAYAMA, McKENNA, AND WILSON, JJ., AND
CIRCUIT JUDGE BROWNING, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY RECKTENWALD, C.J.

## I.     INTRODUCTION

This case requires us to determine whether res judicata precludes a Hawai'i Rules of Civil Procedure ("HRCP") Rule 60(b) motion for relief from judgment in a foreclosure proceeding.  We conclude that it does not.

In 2017, the Circuit Court of the Second Circuit found Lewanna Godinez in default on her mortgage and granted summary judgment in favor of Respondent/Plaintiff PennyMac Corp., issuing a decree of foreclosure and entering final judgment. Before a foreclosure sale took place, Godinez filed an HRCP Rule 60(b) motion, raising the issue of PennyMac's standing to bring a foreclosure action against her. The circuit court denied the motion, and Godinez appealed. The Intermediate Court of Appeals (ICA) affirmed the circuit court's denial, holding that res judicata barred Godinez's HRCP Rule 60(b) challenge to standing, citing to this court's decision in Mortgage Electronic Registration Systems v. Wise, 130 Hawai'i 11, 17, 304 P.3d 1192, 1198 (2013).

We hold that res judicata did not preclude Godinez's post-judgment HRCP Rule 60(b) motion and that Wise is inapplicable under these circumstances. Nevertheless, we agree with the ICA that the circuit court did not abuse its discretion in denying Godinez's HRCP Rule 60(b) motion. Accordingly, we affirm the judgment of the ICA.

## II. BACKGROUND

### A. Factual Background

In December 2007, Godinez executed and delivered to Washington Mutual Bank, FA, a mortgage encumbering real property

2

on Maui as security for a promissory note.[1]  In September 2008, the United States Department of the Treasury closed Washington Mutual Bank, FA, appointing the Federal Deposit Insurance Corporation (FDIC) as receiver.

In January 2010, Godinez defaulted on the note.  The FDIC then assigned the Mortgage to J.P. Morgan Chase Bank in a Corporate Assignment of Mortgage.

## B.    Circuit Court Proceedings

On July 5, 2013, Chase initiated foreclosure proceedings in the circuit court.[2]  While foreclosure proceedings were pending, in February 2014, Chase assigned its mortgage interest to PennyMac through a Hawai'i Assignment of Mortgage recorded on April 28, 2014.  In May 2015,[3] Chase filed a motion to substitute PennyMac as the plaintiff and "real party in interest."  The circuit court granted the motion and amended the complaint and caption.

In March 2016, PennyMac filed a motion for summary judgment asking the circuit court to find Godindez in default on the promissory note and mortgage, and issue a decree of

---

[1]    The mortgage was recorded in the State of Hawai'i Bureau of Conveyances on December 12, 2007.

[2]    The Honorable Rhonda I.L. Loo presided.

[3]    Between April 3, 2014 and February 25, 2015, the case was put on hold for loss mitigation.

foreclosure. In support, PennyMac submitted a declaration attesting, "[PennyMac] has possession of the promissory note with standing to prosecute the instant action and the right to foreclose the subject Mortgage." Godinez opposed the motion and argued, inter alia, that "PennyMac admittedly lacked standing at the time of the filing of the Complaint and therefore this Court lacks jurisdiction[.]" The circuit court held a hearing on PennyMac's motion for summary judgment on June 28, 2016. At the close of the hearing, the court orally granted the motion.

After the summary judgment hearing but before a written summary judgment order was filed, this court decided Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017), which held that "a foreclosing plaintiff must establish entitlement to enforce the note" by showing they had physical possession of it "at the time the action was commenced[.]" Id. at 368, 390 P.3d at 1255. Accordingly, on May 15, 2017,[4] Godinez filed a motion to dismiss for lack of standing, arguing "[PennyMac] clearly states [it was the] holder in due course of the note at the time of the verified complaint, but do[es] not present evidence in any exhibits." During a hearing on the motion, Godinez argued the then-recent decisions

---

[4] On July 20, 2016, Godinez filed for bankruptcy, and the foreclosure proceedings were stayed until April 2017 when the bankruptcy proceedings terminated.

4

in Reyes-Toledo, and U.S. Bank, N.A. v. Mattos, 140 Hawai'i 26, 398 P.3d 615 (2017), demonstrated that PennyMac lacked standing.

In response, PennyMac argued that Godinez's standing arguments were barred under the law of the case doctrine because the circuit court had already resolved the issue and orally granted PennyMac's motion for summary judgment. Nevertheless, recognizing that Reyes-Toledo required foreclosing parties to show they had possession of the note at the time the foreclosure complaint was filed, PennyMac asked the circuit court for "leave to supplement the record to support its (or its predecessor's), standing to commence this action."

At the hearing on Godinez's motion to dismiss for lack of standing, the circuit court applied the law of the case doctrine to the issue of standing and orally denied Godinez's motion. The circuit court further discussed that in the interest of justice and judicial efficiency, the recent Reyes-Toledo decision did not warrant dismissal, and the court allowed PennyMac an opportunity to supplement the record to support its standing. Upon receipt of PennyMac's supplemental Reyes-Toledo declaration, on November 22, 2017, the circuit court entered written findings of fact, conclusions of law, and an order granting PennyMac's motion for summary judgment. Accordingly, the circuit court issued the Foreclosure Decree and Judgment, appointing a Commissioner to oversee the sale.

5

Godinez did not appeal the order granting summary judgment or the Foreclosure Decree and Judgment. Instead, on January 16, 2018, Godinez filed a pro se HRCP Rule 60(b) motion for relief from the Foreclosure Decree. In the motion, Godinez alleged, inter alia, that newly discovered evidence rendered the Foreclosure Decree void and showed that PennyMac lacked standing. She maintained that the evidence was "newly discovered" because her previous attorney had "overlooked it."

PennyMac responded to Godinez's HRCP Rule 60(b) motion and argued, "all of the alleged new evidence could have been discovered by [Godinez] at any time prior to the entry of the Foreclosure [Decree], are not admissible or credible, and are not controlling in nature as to change the outcome of the Court's ruling."

The circuit court summarily denied Godinez's HRCP 60(b) motion, and Godinez filed a timely notice of appeal.

C.   ICA Summary Disposition Order

The ICA affirmed the circuit court in a Summary Disposition Order, noting that Godinez made "no discernible argument on appeal" that the circuit court abused its discretion in denying Godinez's HRCP Rule 60(b) motion. Further, the ICA held that "Godinez's failure to appeal from the Foreclosure Decree and Judgment barred Godinez from now challenging PennyMac's standing under the doctrine of res judicata," citing

this court's decision in Wise. (Emphasis added.) However, recognizing that res judicata could not be applied to void judgments, the ICA also observed, "[l]ack of standing does not render a court's judgment void under HRCP Rule 60(b)," and quoted from this court's decision in Tax Foundation of Hawai'i v. State, 144 Hawai'i 175, 188, 439 P.3d 127, 140 (2019): "[i]n Hawai'i state courts, standing is a prudential consideration . . . and is not an issue of subject matter jurisdiction." Accordingly, the ICA concluded that the circuit court did not abuse its direction in denying Godinez's HRCP Rule 60(b) motion.

Godinez filed an application for writ of certiorari asking this court to review one question: whether the ICA erred in holding that res judicata barred her from arguing that the plaintiff lacked standing in an HRCP Rule 60(b) motion.

### III. STANDARDS OF REVIEW

**A.  Res Judicata**

"Application of res judicata is a question of law. Questions of law are reviewed de novo under the right/wrong standard." Eastern Sav. Bank, FSB v. Esteban, 129 Hawai'i 154, 157, 296 P.3d 1062, 1065 (2013) (citations omitted).

**B.  HRCP Rule 60(b)**

A circuit court's decision on an HRCP Rule 60(b) motion is reviewed for abuse of discretion:

7

> [T]he trial court has a very large measure of discretion in passing upon motions under [HRCP] Rule 60(b) and its order will not be set aside unless we are persuaded that under the circumstances of the particular case, the court's refusal to set aside its order was an abuse of discretion.

Hawai'i Hous. Auth. v. Uyehara, 77 Hawai'i 144, 147, 883 P.2d 65, 68 (1994) (citations omitted).

"The burden of establishing abuse of discretion [in denying an HRCP Rule 60(b) motion] is on the appellant, and a strong showing is required to establish it." Ditto v. McCurdy, 103 Hawai'i 153, 162, 80 P.3d 974, 983 (2003).

## IV.  DISCUSSION

### A.  Res Judicata Did Not Preclude Godinez's HRCP Rule 60(b) Motion

We have often recognized that "[a]ccording to the doctrine of res judicata, the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter[.]" Kauhane v. Acutron Co., 71 Haw. 458, 463, 795 P.2d 276, 278 (1990) (alterations and citation omitted).  A party asserting res judicata has the burden of establishing: "(1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." Bremer v. Weeks, 104 Hawai'i 43, 54, 85 P.3d 150, 161 (2004).  As we discussed in

8

Kauhane, the purpose of res judicata is to preclude successive litigation:

> The purpose of the doctrine of res judicata is <u>to prevent a multiplicity of suits</u> and to provide a limit to litigation. It serves to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. The res judicata doctrine thus furthers the interests of litigants, the judicial system and society by bringing an end to litigation where matters have already been tried and decided on the merits. It is a rule of fundamental and substantial justice, of public policy and private peace.

> The doctrine therefore permits every litigant to have an opportunity to try his case on the merits; but it also requires that he be limited to one such opportunity. Unsatisfied litigants have a remedy: they can appeal through available channels. But <u>they cannot, even if the first suit may appear to have been decided wrongly, file new suits</u>.

Kauhane, 71 Haw. at 463, 795 P.2d 278-79 (emphases added) (citations and alterations omitted).

By definition, the doctrine of res judicata only applies to <u>new suits</u>: It is inapplicable in a continuation of the same suit. 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, <u>Federal Practice & Procedure</u> § 4404 (3d ed. 2020) ("Res judicata applies as between separate actions, not within the confines of a single action on trial or appeal."); <u>cf.</u> <u>Ditto</u>, 98 Hawaiʻi at 128 n.6, 44 P.3d at 279 n.6 (2002) (noting that the doctrine of collateral estoppel[5] was

---

[5] In the past, the term "res judicata" was used to describe both claim preclusion (res judicata) and issue preclusion (collateral estoppel). <u>See</u> <u>Exotics Hawaiʻi-Kona, Inc. v. E.I. Dupont De Nemours & Co.</u>, 104 Hawaiʻi 358, 365 n.14, 90 P.3d 250, 257 n.14 (2004) (noting that the lack of distinction between the terms can lead to confusion). However, we have since clarified that, though "Hawaiʻi appellate cases may have conflated the two

inapplicable where the issues involved "essentially a continuation of the <u>same</u> suit and <u>same</u> claim"); <u>see also</u> <u>Esteban</u>, 129 Hawai'i at 159, 296 P.3d at 1067 (applying res judicata based on a "previous lawsuit"); <u>Bremer</u>, 104 Hawai'i at 54, 85 P.3d at 161 (same, as to "original suit"); <u>Kauhane</u>, 71 Haw. at 464, 795 P.2d at 279 ("both actions"); <u>In re Bishop</u>, 36 Haw. 403, 416 (Haw. Terr. 1943) ("new action").

Accordingly, the determinative question on appeal is whether Godinez's post-judgment HRCP Rule 60(b) motion was a new action or a continuation of the same action. We conclude that that Godinez's HRCP Rule 60(b) motion was a continuation of the foreclosure decree and judgment, and therefore the ICA erred by applying the doctrine of res judicata.

1.  **An HRCP Rule 60(b) motion is a continuation of the action**

Although we have not addressed whether an HRCP Rule 60(b) motion is a continuation of the original action, we have acknowledged that the primary purpose of the motion "is to authorize the reopening of a closed case or a final order." <u>Cho v. State</u>, 115 Hawai'i 373, 383, 168 P.3d 17, 27 (2007) (emphasis

---

doctrines," "[c]laim preclusion and issue preclusion are . . . separate doctrines that involve distinct questions of law." <u>Esteban</u>, 129 Hawai'i at 158, 158 n.8, 296 P.3d at 1066, 1066 n.8. Nevertheless, even if the ICA intended the term "res judicata" to refer to issue preclusion, the result is the same because, as we explained in <u>Ditto</u>, both doctrines apply only in a second, subsequent case. 98 Hawai'i at 128 n.6, 44 P.3d at 279 n.6.

and citation omitted). We now clarify that an HRCP Rule 60(b) motion is a continuation of the original action.

HRCP Rule 60(b) permits a party to seek relief from a "final judgment, order, or proceeding":

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Under the federal equivalent of HRCP Rule 60(b),[6] Federal Rules of Civil Procedure (FRCP) Rule 60(b), federal courts have recognized that an FRCP Rule 60(b) motion is "considered ancillary to or a continuation of the original suit[.]" Smith v. Widman Trucking & Excavating, Inc., 627 F.2d 792, 799 (7th Cir. 1980); see Charter Twp. of Muskegon v. City of Muskegon, 303 F.3d 755, 762-63 (6th Cir. 2002) ("[S]o long as the Rule 60 claim is one which seeks relief from judgment, it is

---

[6] "Rule 60 of the Federal Rules of Civil Procedure (FRCP) is essentially identical to HFCR Rule 60. Therefore, authorities interpreting the Federal Rules are 'highly persuasive.'" Thomas-Yukimura v. Yukimura, 130 Hawai'i 1, 7 n.16, 304 P.3d 1182, 1188 n.16 (2013) (citation omitted).

not considered an independent claim[.]"); Bankers Mortgage Co. v. United States, 423 F.2d 73, 78 (5th Cir. 1970); see also 12 Moore's Federal Practice - Civil § 60.61 (3d ed. 2020) ("A[n FRCP] Rule 60(b) motion is considered a continuation of the original proceeding.").

The Restatement (Second) of Judgments provides: "The [Rule 60(b)] motion is to be distinguished from a separate action, . . . to set aside a judgment, and from an attack on a judgment made defensively when the judgment in question is relied upon by an opposing party in the course of a subsequent action."  Restatement (Second) of Judgments § 78 Relief by Motion (Am. Law. Inst. 2020) (emphasis added).  With regard to both state and federal Rule 60(b) motions, the Restatement notes that "in most jurisdictions[,] the motion is regarded as a continuation of the original action[.]"  Id.

PennyMac claims that "an appeal of an order disposing of a Rule 60(b) motion cannot be used [as] a vehicle to challenge an underlying judgment," and similarly argues that Godinez "is not permitted in a Rule 60(b) motion to collaterally attack the lower court's conclusion that Respondent had standing when Petitioner could have complained of that conclusion and the judgment thereon on direct appeal."  "A collateral attack 'is an attempt to impeach a judgment or decree in a proceeding not instituted for the express purpose of annulling, correcting or

modifying such judgment or decree.'" Kim v. Reilly, 105 Hawai'i 93, 96, 94 P.3d 648, 651 (2004). A Rule 60(b) motion is therefore not a "collateral attack" — the purpose of Rule 60(b) is to provide a mechanism for challenging a final judgment. HRCP Rule 60(b) ("On motion . . . the court may relieve a party or a party's legal representative from a final judgment. . ."); see also Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir. 1985) (noting a Rule 60(b) motion is a direct attack on a judgment).

In sum, we conclude that Godinez's HRCP Rule 60(b) motion was not a new action but rather a continuation of the original foreclosure case.

## 2. Res judicata does not apply to an HRCP Rule 60(b) motion

Godinez asserts the ICA erred in holding that res judicata barred her HRCP Rule 60(b) motion. She argues, "To hold that a Rule 60(b) motion is precluded under the doctrine of res judicata defies logic, procedure, is contrary to and inconsistent with [Wise], and in effect would completely nullify Rule 60(b)." She further argues, "Courts have long held that direct attacks on judgments under Rule 60(b) are not subject to res judicata," citing a case from the Supreme Court of Alaska, Dixon v. Pouncy, 979 P.2d 520, 523-24 (Alaska 1999), which in turn cited cases from the Sixth and Ninth Circuit Courts of

13

Appeal. We agree with Godinez and hold that the ICA erred in applying res judicata to her HRCP Rule 60(b) motion.

As Godinez notes, a number of other states have held that res judicata generally does not apply to Rule 60(b) motions. See, e.g., Jones v. Murphy, 772 A.2d 502, 505 (Vt. 2001); Dixon, 979 P.2d at 524; New Maine Nat. Bank v. Nemon, 588 A.2d 1191, 1194 (Me. 1991); Pepper v. Zions First Nat. Bank, N.A., 801 P.2d 144, 150-51 (Utah 1990). Federal courts have likewise recognized that res judicata generally does not bar FRCP Rule 60(b) motions. See Watts, 752 F.2d at 410 ("Res judicata does not preclude a litigant from making a direct attack under Rule 60(b) upon the judgment before the court which rendered it." (alteration omitted) (quoting Jordon v. Gilligan, 500 F.2d 701, 710 (6th Cir. 1974)); cf. Estrada-Rodriguez v. Lynch, 825 F.3d 397, 402 (8th Cir. 2016) ("Collateral estoppel does not apply here because the . . . issue was not previously determined by a valid and final judgment in a prior action . . . . Instead, the . . . issue was determined at an earlier stage of the same action and was reconsidered pursuant to the reopening of the action."). As the United States Supreme Court observed, "[i]t is clear that res judicata and collateral estoppel do not apply if a party moves the rendering court in the same proceeding to correct or modify its judgment." Arizona v. California, 460 U.S. 605, 619 (1983).

14

PennyMac argues res judicata bars Godinez from relitigating the issue of standing, relying on a case from the Supreme Court of Ohio, Bank of America, N.A. v. Kuchta, 21 N.E.3d 1040, 1045-47 (Ohio 2014), and an unpublished ICA decision, Wells Fargo Bank N.A. v. Lacuesta, No. CAAP-14-0001121, 2017 WL 2117678, at *2 (Haw. App. May 15, 2017), which cited to Kuchta. In Kuchta, the court held that res judicata barred borrowers from challenging standing by filing a Rule 60(b) motion. Id. at 1045. However, the Kuchta decision goes against the weight of authority on this issue, and so we find it unpersuasive.

In concluding res judicata applied to Godinez's HRCP Rule 60(b) motion, the ICA relied on our decision in Mortgage Electronic Registration Systems, Inc. v. Wise, 130 Hawai'i 11, 304 P.3d 1192 (2013). But Wise does not control here because it involved a separate proceeding in which the doctrine of res judicata was properly applied.[7]

As we explained in Wise, "mortgage foreclosure proceedings may be treated as analogous to two separate proceedings for res judicata purposes" because of their

---

[7] We recognize that the ICA has applied res judicata as a bar to HRCP Rule 60(b) motions within the foreclosure context in numerous cases. See, e.g., Bank of Am., N.A. v. Panzo, Nos. CAAP-14-0001356, CAAP-15-0000660, 2017 WL 1194002 (Haw. App. March 31, 2017); Nationstar Mortg. LLC v. Boonstra, No. CAAP-18-0000583, 2019 WL 2441427 (Haw. App. June 12, 2019). Our decision today does not disturb those prior decisions that have become final.

15

"bifurcated nature[.]" Id. at 17, 304 P.3d at 1198 (emphasis added). As a result, we held that "res judicata would preclude [p]etitioners from challenging [r]espondent's standing in their appeal from the order confirming sale" because "challenges to [r]espondent's standing were subsumed under the foreclosure judgment, which had [become] final and binding." Id. (emphasis added). Wise said nothing about Rule 60(b) motions, which we had previously recognized could be filed even after a foreclosure decree became final. Beneficial Hawai'i, Inc. v. Casey, 98 Hawai'i 159, 166, 45 P.3d 359, 366 (2002) (analyzing the merits of issues raised in a Rule 60(b) motion filed eleven months after the foreclosure decree entered).

Thus, our decision in Wise did not dispense with res judicata's separate-action-or-proceeding requirement. Rather, Wise reinforced the notion that res judicata only applies between separate actions or proceedings. 130 Hawai'i at 19 n.12, 304 P.3d at 1200 n.12 ("[B]y filing a motion [for the] confirmation of sale, [r]espondent may be understood to have in effect filed a separate action upon the judgment in a foreclosure action." (emphasis added) (citation and quotation marks omitted)).

As Godinez argues, her HRCP Rule 60(b) motion was filed as a direct challenge to the Foreclosure Decree and Judgment. It was filed before the commencement of any

foreclosure sale or the inception of a separate action to confirm the sale.[8] Under these circumstances, Wise was inapplicable and res judicata did not preclude Godinez from challenging standing. Accordingly, the ICA erred in this regard.

**B. The ICA Correctly Affirmed the Circuit Court's Denial of Godinez's Rule 60(b) Motion**

Notwithstanding the incorrect application of res judicata, the ICA properly concluded that the circuit court did not abuse its discretion in denying Godinez's HRCP Rule 60(b) motion. Trial courts are vested with "a very large measure of discretion" in deciding HRCP Rule 60(b) motions, Hawai'i Housing Authority v. Uyehara, 77 Hawai'i 144, 147, 883 P.2d 65, 68 (1994), and, as the ICA recognized, "Godinez makes no discernible argument on appeal as to whether the [c]ircuit [c]ourt abused its discretion in entering the Order Denying Relief[.]"

Godinez argues for the first time in her application for writ of certiorari that relief is warranted under HRCP Rule 60(b)(6), the rule's catch-all provision, which authorizes

---

[8] As discussed below, the circuit court retains discretion to deny an HRCP Rule 60(b) motion even without application of res judicata. Thus, if Godinez had filed her motion after the foreclosure sale took place (or even just shortly before), the circuit court could have denied the motion as untimely because Rule 60(b) motions must be filed within a "reasonable time" or, alternatively, because a lender or third-party would be prejudiced by overturning the judgment. See 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2857 (3d ed. 2020).

relief for "any other reason justifying relief from the operation of the judgment," based on PennyMac's lack of standing. Relying on our decision in Tax Foundation, 144 Hawai'i at 192, 439 P.3d at 144, Godinez asserts that lack of standing is grounds for relief under HRCP Rule 60(b)(6), "especially as this [c]ourt has identified standing . . . [as] one of the 'prudential considerations of judicial self-governance.'"

In response, PennyMac argues Godinez waived all of her arguments that relief was warranted under any provision of HRCP Rule 60(b). But even if Godinez had not, "[t]here are simply no extraordinary circumstances that warrant extraordinary relief under HRCP Rule 60(b)(6)." We agree.

1. **Godinez's argument that PennyMac lacked standing does not constitute "extraordinary circumstances"**

A party seeking relief under HRCP Rule 60(b)(6) after the time for appeal has run must establish the existence of "extraordinary circumstances" that prevented or rendered them unable to prosecute an appeal. Uyehara, 77 Hawai'i at 148–49, 883 P.2d at 69–70. This is because HRCP Rule 60(b)(6) "is not for the purpose of relieving a party from free, calculated and deliberate choices [they have] made." Id. at 149, 883 P.2d at 70 (quoting In re Hana Ranch Co., 3 Haw. App. 141, 147, 642 P.2d 938, 942 (1982)).

Godinez has not demonstrated "extraordinary circumstances" sufficient for the relief requested. The record does not support Godinez's claim that PennyMac lacked standing. The circuit court found that PennyMac had standing after PennyMac filed a declaration to comply with our decision in Reyes-Toledo. Given the circuit court's unchallenged findings,[9] Godinez has failed to demonstrate how the court abused its discretion in denying her HRCP Rule 60(b) motion.

## 2. The circuit court did not abuse its discretion by declining to reverse previously decided issues

"[A] fundamental precept of common-law adjudication is that an issue once determined by a competent court is conclusive." Arizona, 460 U.S. at 619. This "general principle[] of finality and repose" is embodied in the law of the case doctrine, which provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Id. at 618.

---

[9] Had there been reliable evidence that PennyMac lacked entitlement to enforce the promissory note because its predecessor-in-interest did not possess the note at the time the complaint was filed, a different outcome could be warranted. See Reyes-Toledo, 139 Hawai'i at 369, 390 P.3d at 1256 (describing standing as a necessary safeguard given the "widespread problems created by the securitization of mortgages"); see also Deutsche Bank Nat. Trust Co. v. Johnston, 369 P.3d 1046, 1053 (N.M. 2016) ("Under these circumstances, not even the plaintiffs may be sure if they actually own the notes they seek to enforce."). For example, issues related to standing could justify HRCP Rule 60(b) relief based on fraud or newly discovered evidence. However, not only has Godinez failed to demonstrate entitlement to relief under those sections of HRCP Rule 60(b), she has abandoned those arguments on appeal. Accordingly, Godinez has failed to demonstrate "extraordinary circumstances" sufficient to justify relief.

Accordingly, the circuit court was within its discretion to leave an issue it had already decided undisturbed.

We have previously addressed the law of the case doctrine only as applied by lower courts on remand after an appeal. E.g., Ditto, 98 Hawai'i at 128, 44 P.3d at 279. The doctrine can also be invoked by a trial court with respect to its own rulings, and in that instance, the doctrine is discretionary and operates as a presumption against reconsideration.[10] 18B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 4478.1 (2d ed. 2020). Here, in adjuicating Godinez's motion to dismiss for lack of standing, which was filed prior to Godinez's Rule 60(b) motion, the circuit court refused to reconsider the issue based on the law of the case doctrine. It would not have been an abuse of discretion for the court to apply the same rule when faced with the same question in Godinez's Rule 60(b) motion.

Godinez fully litigated the question of standing before the trial court, filing numerous motions, challenging the documents submitted by PennyMac, and arguing the issue before

---

[10] By contrast, when "the law of the case" has been established by an appellate court, the lower court is obliged to apply it. Ditto, 98 Hawai'i at 128, 44 P.3d at 279; see also Weinberg v. Mauch, 78 Hawai'i 40, 47, 890 P.2d 277, 284 (1995) ("The doctrine of the law of the case states that a determination of a question of law made by an appellate court in the course of an action becomes the law of the case and may not be disputed by a reopening of the question at a later stage of litigation." (citations and quotation marks omitted)).

the court at the summary judgment hearing as well as at the hearing on her motion to dismiss after this court decided <u>Reyes-Toledo</u>. Nothing in the record suggests that Godinez did not have a full and fair opportunity to litigate the issue. And, as the ICA noted, Godinez failed to timely appeal from the circuit court's summary judgment order.

Accordingly, the circuit court did not abuse its discretion in denying Godinez's HRCP Rule 60(b) motion, and the ICA properly affirmed the circuit court's decision.

**V.  CONCLUSION**

Subject to the foregoing clarification, we affirm the ICA's January 10, 2020 Judgment on Appeal.

| | |
|---|---|
| Gary Victor Dubin and<br>Frederick J. Arensmeyer<br>for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Patricia J. McHenry,<br>Peter T. Stone and<br>Sun Young Park<br>for respondent | /s/ Sabrina S. McKenna |
| | /s/ Michael D. Wilson |
| | /s/ R. Mark Browning |

