**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000598
28-FEB-2024
11:39 AM
Dkt. 54 SO**

NO. CAAP-19-0000598

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

FIRST HAWAIIAN BANK, Plaintiff-Appellee,
v.
KIANA TRISTACA PRATT, Defendant-Appellant, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10;
DOE GOVERNMENTAL UNITS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC15100018K)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

In this foreclosure case, Defendant-Appellant Kiana Tristaca Pratt (**Pratt**) appeals from the post-judgment Findings of Fact, Conclusions of Law and Order Denying Defendant Kiana Tristaca Pratt's Motion (1) to Set Aside All Orders and Judgments Pursuant to [Hawai‘i Rules of Civil Procedure] HRCP Rule 60(b)(4), and (2) to Dismiss Complaint Pursuant to HRCP Rule 12(h)(3), Filed Herein on March 14, 2019 (**Order**),

entered by the Circuit Court of the Third Circuit (**circuit court**) on July 25, 2019.[1]

Pratt raises a single point of error on appeal.  She contends that the circuit court erred when it entered the Order "because the cause of action (foreclosure) in this matter was precluded by *res judicata*."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm.

"Application of res judicata is a question of law. Questions of law are reviewed de novo under the right/wrong standard."  PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020) (quoting Eastern Sav. Bank, FSB v. Esteban, 129 Hawaiʻi 154, 157, 296 P.3d 1062, 1065 (2013).

In 2011, Plaintiff-Appellee First Hawaiian Bank (**FHB**) filed a foreclosure action against Pratt, on grounds that Pratt had not complied with the terms of the original 2008 loan agreement.  In 2013, FHB and Pratt entered into a Loan Modification Agreement, and agreed to a settlement.  The circuit court dismissed the 2011 foreclosure action.[2]  The Loan

---

[1]     The Honorable Robert D.S. Kim presided.

[2]     Although the parties agreed that the 2011 action would be dismissed as a result of the Loan Modification Agreement, it appears that the parties did not stipulate or move to dismiss the 2011 action.  The 2011

(continued . . .)

2

Modification Agreement, among other things, reinstated the 2008 loan, capitalized the past due amounts of over $134,000 as a deferred principal balance, and changed the maturity date of the loan to August 1, 2052.

We conclude that the circuit court did not err in determining that the dismissal of the 2011 action did not have res judicata effect on the instant 2015 foreclosure action brought by FHB against Pratt. In order for res judicata to apply, the 2011 and 2015 actions must share an identical claim. "A party asserting res judicata has the burden of establishing: (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) *the claim decided in the original suit is identical with the one presented in the action in question*." PennyMac Corp., 148 Hawai'i at 327, 474 P.3d at 268 (citing Bremer v. Weeks, 104 Hawai'i 43, 54, 85 P.3d 150, 161 (2004) (emphasis added) (internal quotation marks omitted).

The record reflects that the 2011 action which alleged Pratt's default on the original loan, and the instant action which alleges Pratt's default on the loan *as modified by the Loan Modification Agreement*, do not involve an identical claim. The Loan Modification Agreement was entered into pursuant to the

---

[2](. . . continued) action was dismissed for failure to file a pretrial statement, pursuant to Rules of the Circuit Courts of the State of Hawai'i Rule 12(q).

parties' agreement to settle the 2011 action and substantively modified the terms of the original loan agreement.  FHB's claim in the instant 2015 foreclosure action alleging Pratt's noncompliance with the terms of the modified loan agreement therefore was not (and could not have been) "decided" in the 2011 action.

The circuit court did not err in concluding that res judicata did not bar the instant action.  We affirm the Findings of Fact, Conclusions of Law and Order Denying Defendant Kiana Tristaca Pratt's Motion (1) to Set Aside All Orders and Judgments Pursuant to HRCP Rule 60(b)(4), and (2) to Dismiss Complaint Pursuant to HRCP Rule 12(h)(3), Filed Herein on March 14, 2019, entered by the Circuit Court of the Third Circuit on July 25, 2019.

DATED: Honolulu, Hawaiʻi, February 28, 2024.

On the briefs:

Matthew P. Holm,
for Defendant-Appellant.

Thomas J. Berger,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge