**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000707
22-OCT-2024
07:50 AM
Dkt. 50 SO**

NO. CAAP-21-0000707

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CITIBANK, NA AS TRUSTEE FOR WAMU SERIES 2007-HE2 TRUST,
Plaintiff-Appellee,
v.
WILLIAM GASPAR and JOYAL GASPAR, Defendants-Appellants,
and
HAWAIIAN OCEAN VIEW ESTATES ROAD MAINTENANCE CORPORATION,
Defendant-Appellee,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC171000137)

## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and Guidry, JJ.)

This is a judicial foreclosure case. Self-represented Defendants-Appellants William Gaspar and Joyal Gaspar (the **Gaspars**), appeal from (1) the Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties

Filed September 7, 2021 (**Foreclosure Order**), and (2) Judgment, both entered on November 19, 2021 by the Circuit Court of the Third Circuit (**circuit court**).[1]  The Foreclosure Order and Judgment were entered in favor of Plaintiff-Appellee Citibank, NA as Trustee for WAMU Series 2007-HE2 Trust (**Citibank**).

On appeal, the Gaspars appear to contend that the circuit court's Judgment was barred by res judicata, and the circuit court erred by granting Citibank's third Motion for Summary Judgment (**MSJ**), filed on September 7, 2021, because Citibank lacked standing to bring the foreclosure action.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Gaspars' points of error as follows:

(1) The Gaspars appear to contend in their points of error 1, 3, 4, and 7 that this appeal is barred by res judicata. They contend that the circuit court erred in granting Citibank's third MSJ "on similar issues already adjudicated on the 1st and 2nd MSJ."  They also contend that the circuit court erred in accepting testimony from Sherry Benight (**Benight**) because she had previously testified in support of Citibank's first and second MSJs, "the parties and their privies" to this appeal are

---

[1]     The Honorable Henry T. Nakamoto presided.

the same as in the underlying circuit court proceeding, and "the ICA[] previously [r]uled in this [f]oreclosure [a]ction." The Gaspars' contentions lack merit.

"Application of res judicata is a question of law. Questions of law are reviewed de novo under the right/wrong standard." PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020) (citation omitted). As the Hawaiʻi Supreme Court instructs,

> We have often recognized that according to the doctrine of res judicata, the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter. A party asserting res judicata has the burden of establishing: (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.

Id. (cleaned up).

The Gaspars have not met their burden of establishing that there was a final judgment on the merits. In No. CAAP-18-0000493, this court vacated the circuit court's May 18, 2018 judgment in favor of Citibank -- which had awarded summary judgment in favor of Citibank -- and remanded this case to the circuit court for further proceedings. Citibank, NA v. Gaspar, No. CAAP-18-0000493, 2019 WL 2714820 (Haw. App. June 28, 2019) (SDO). Citibank subsequently moved twice more for summary judgment, and the circuit court's granting of Citibank's third MSJ resulted in the present appeal.

3

The circuit court proceedings underlying this appeal are, therefore, along with the circuit court proceedings underlying No. CAAP-18-0000493, part of a single case, docketed as Case No. 3CC171000137, to which res judicata does not apply. Citibank was not precluded on remand from once again submitting a declaration drafted by Benight in support of its third MSJ. Godinez, 148 Hawaiʻi at 327, 474 P.3d at 268 ("By definition, the doctrine of res judicata only applies to new suits:  It is inapplicable in a continuation of the same suit.") (citations omitted).

(2) The Gaspars appear to contend, in points of error 6, 8 and 9, that the circuit court erred in granting Citibank's third MSJ because Citibank lacks standing to bring its foreclosure claim.  We review the circuit court's grant of summary judgment de novo, applying the following standard,

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties. The evidence must be viewed in the light most favorable to the non-moving party. In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawaiʻi 46, 55-56, 292 P.3d 1276, 1285-86 (2013) (citations omitted).

Citibank, as the foreclosing party, "must [inter alia] also prove its entitlement to enforce the note and mortgage." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 367, 390 P.3d 1248, 1254 (2017). In Reyes-Toledo, the Hawai'i Supreme Court held that,

> A foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as standing is concerned with whether the parties have the right to bring suit. Typically, a plaintiff does not have standing to invoke the jurisdiction of the court unless the plaintiff has suffered an injury in fact. A mortgage is a conveyance of an interest in real property that is given as security for the payment of the note. A foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property. Thus, the underlying "injury in fact" to a foreclosing plaintiff is the mortgagee's failure to satisfy its obligation to pay the debt obligation to the note holder. Accordingly, in establishing standing, a foreclosing plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action.

Id. at 367-68, 390 P.3d at 1254-55 (cleaned up).

The summary judgment record reflects that Citibank attached Benight's declaration to its third MSJ. Benight testified, in her capacity as a Select Portfolio Servicing, Inc. (**SPS**) Document Control Officer, of her familiarity with SPS's practices, procedures, and business records (which include Citibank's loan level business records):

> 2. In my duties, I am familiar with the practices and procedures of SPS. I am familiar with the systems of record that SPS uses to create and record information related to residential mortgage loans that it services, including the process by which information is entered into those systems and how those records are maintained. I am familiar with these systems because I utilize them on a regular basis as a routine function of my employment. I am authorized and trained to access these records. . . .

> 3. As servicing agent and custodian of the servicing business records for the loan at issue for [Citibank], SPS holds and maintains all of the business records related to the servicing of this loan. [Citibank] does not hold or maintain any of the loan level business records, and thus [Citibank] does not have loan level business records to integrate into SPS's records.
>
> 4. . . . I have access to SPS's business records, including the business records for and relating to the subject loan. I make this Declaration based upon my review of those records relating to the Borrowers' loan and from my own personal knowledge of how the records are kept and maintained. The loan records are maintained by SPS in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with personal knowledge. It is the regular practice to keep such records in the ordinary course of a regularly conducted business activity.

Because SPS was not the original servicer of the Gaspars' loan, Benight testified as to SPS's process for incorporating original loan servicers' business records into SPS's business records:

> 5. To the extent that the business records of the loan in this matter were created by a prior servicer, the prior servicer's records for the loan were incorporated and boarded into SPS's systems, such that the prior servicer's records concerning the loan are now part of SPS's business records. SPS conducts quality control and verification of the information received from the prior servicer as part of the boarding process to ensure the accuracy of the boarded records. It is the regular practice of SPS to integrate prior servicers' records into SPS's business records, and to rely upon the accuracy of those boarded records in providing its loan servicing functions. These prior servicer records are incorporated and relied upon by SPS as part of SPS's business records.

See generally U.S. Bank Trust, N.A. v. Verhagen, 149 Hawaiʻi 315, 325, 489 P.3d 419, 429 (2021) ("[W]hen a record is treated as 'created' by the receiving business, a person is qualified to authenticate it if the person has enough familiarity with the

record-keeping system of the business that 'created' the record, i.e., the receiving or incorporating business.") (cleaned up).

Benight further testified as to SPS's authority to service the loan as attorney-in-fact for Citibank, SPS's possession of the original indorsed in blank Note at the time the Complaint was filed, and SPS's possession of the Note at the time Citibank filed its third MSJ[2]:

> 5. . . . As part of its boarding process, meetings are established with prior servicer's key personnel and systems, method of delivery of the records, and the timing of the delivery of the records are identified. Further, SPS employs a proprietary system to board the prior servicer records. This system validates the prior servicer records using over 600 logical and financial checks. In the event that any prior servicer records are identified as being illogical or incorrect, SPS will work with the prior servicer and review loan documentation to resolve the record.
>
> . . . .
>
> 7. This loan was serviced by another entity. SPS currently services the loan as attorney-in-fact for [Citibank]. SPS acquired the servicing rights for this loan from JPMorgan Chase Bank, National Association. The business records from the prior servicers have been verified and incorporated into SPS' business records.
>
> 8. In consideration of a loan in the principal amount of $282,600.00, defendant(s), William Gaspar and Joyal Gaspar (the "Defendants") executed and delivered to Washington Mutual Bank a note dated January 10, 2007 (the "Note"). A true and correct copy of the Note, including its endorsement, is attached hereto as Exhibit "1" and made a part of this Declaration by reference.
>
> 9. To secure the obligations under the Note, the [Gaspars] executed and delivered to Washington Mutual Bank a mortgage dated January 10, 2007, recorded on January 24, 2007 in the Bureau of Conveyances of the State of Hawaii as Document Number 2007-014073. A true and correct copy of the

---

[2] The Gaspars failed to make the transcript of the October 6, 2021 hearing on Citibank's third MSJ a part of the record on appeal. The circuit court minutes of the hearing, however, reflect that Citibank's counsel represented that it possessed the "original note if [the] court wants to see it," and that the circuit court "reviewed [the] entire file."

Mortgage is attached hereto as Exhibit "2" and made a part of this Declaration by reference.

10.  The Mortgage was subsequently assigned to CITIBANK, NA AS TRUSTEE FOR WAMU SERIES 2007-HE2 TRUST by virtue of an assignment of mortgage (the "Assignment of Mortgage") recorded on April 27, 2009 in the Bureau of Conveyances of the State of Hawaii as Document Number 2009-063098.  A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "3" and made a part of this Declaration by reference.

. . . .

12.  According to SPS's business records, [Citibank], through its servicing agent SPS, has possession of the Original note in this instant action ("Note"), which has been duly endorsed, and [Citibank], through its servicing agent SPS, was in possession of the Original Note at the time of the filing of the complaint at the offices of SPS. Therefore, [Citibank] has the right to enforce the Note.  A true and correct copy of the documentation supporting note possession at the time of the filing of the complaint is attached as Exhibit "4" and made a part of this Declaration by reference.[3]

13. . . . . SPS on behalf of [Citibank] was and is in possession of the Original Note, not [Citibank], because [Citibank] does not hold or maintain any of the loan level business records.

. . . .

17.  Select Portfolio Servicing, Inc. has authority to execute this Declaration on behalf of [Citibank] pursuant to a Limited Power of Attorney dated April 20, 2021.  A true and correct copy of the Limited Power of Attorney is attached as Exhibit "8" and made part of this Declaration by reference.

18.  The Limited Power of Attorney dated November 9, 2016 was effective at the time the Complaint was filed on April 21, 2017.  The Limited Power of Attorney contains a Limited Power of Attorney from Citibank to JPMorgan signed on October 28, 2016.  On page 3 of 7 in the first full

---

[3]     Exhibit 4, attached to Benight's declaration, reflects the location of the Note on April 12, 2017 as "note in file @ SPS."  Citibank filed its complaint in this foreclosure action nine days later, on April 21, 2017.  See Verhagen, 149 Hawaiʻi at 327-28, 489 P.3d at 431-32 ("[T]here is admissible documentary evidence showing that U.S. Bank possessed the Note both a mere six weeks before the filing of the complaint and at the time of summary judgment.  Collectively, the evidence presented by U.S. Bank thus establishes the bank's possession of the Note on the day the complaint was filed.").

paragraph, it states that "This limited power of attorney has been executed and is effective as of this 28th day of October 2016...". It also states on the same page in the last paragraph, "This [L]imited Power of Attorney supersedes all prior powers of attorney given by the undersigned to JPMorgan Chase Bank, National Association for the Loans, and all such powers and authority granted thereunder are hereby revoked effective as of the date of recording of this Limited Power of Attorney." The recording date was November 14, 2016, as shown with the recording information clearly stamped in the upper right corner of the 1st page of the exhibit. It states 9 pages were recorded which includes the Limited Power of Attorney from Citibank to JPMorgan. A true and correct copy of the Limited Power of Attorney is attached as Exhibit "9" and made part of this Declaration by reference.

19. The Limited Power of Attorneys for this Pooling and Servicing Agreement has a one-year expiration which is stated in the Exhibit "B" of the Limited Power of Attorneys. Therefore, a new one is drafted, executed, and recorded each year.

. . . .

21. [Citibank] submits Exhibit "9" in response to the Hawaii Intermediate Court of Appeals questioning whether SPS had possession of the Note at the time of filing the Complaint on April 21, 2017. Exhibit "9" shows that SPS had the power of attorney effective October 28, 2016 for one year which would corroborate that SPS had authority to possess the Note on behalf of [Citibank] at the time of filing the Complaint.[4]

22. Servicing of the loan transferred from JPMorgan Chase Bank, N.A. to Select Portfolio Servicing, Inc. effective May 1, 2014. A true and correct copy of the Hello Letter is attached as Exhibit "10" and made part of this Declaration by reference.

The record reflects that Citibank satisfied its initial burden on summary judgment of establishing that it possessed, through its authorized servicing agent SPS, the original Note -- and therefore had standing -- at all relevant

---

[4] Exhibit 9 is a Limited Power of Attorney, executed by JPMorgan Chase Bank (**JPMorgan**) as Master Servicer for Citibank and dated November 9, 2016, through which JPMorgan appointed SPS as its sub-servicer in connection with all mortgage or other loans serviced by JPMorgan for Citibank.

times.  The burden then shifted to the Gaspars, but the Gaspars did not meet their burden of establishing that there is a genuine issue of material fact for trial.  See Verhagen, 149 Hawaiʻi at 328, 489 P.3d at 432 ("[A] defendant may counter this inference of possession at the time of filing with evidence setting forth 'specific facts showing that there is a genuine issue' as to whether the plaintiff actually possessed the subject note at the time it filed suit.") (citing Hawaiʻi Rules of Civil Procedure Rule 56(e)).  The Gaspars offered no evidence that Citibank, through its counsel, did not possess the Note at the time Citibank's foreclosure complaint was filed.

We conclude that Citibank had standing to bring its foreclosure action, and the circuit court did not err in granting the Plaintiff's Motion for Summary Judgment.

(3) The Gaspars contend, in points of error 2 and 5 that the circuit court erred "in its [d]ecision [a]warding [Citibank] [m]inute [o]rder dated December 28, 2020," and in denying the Gaspars' July 2020 Motion to Dismiss.  They fail to present any discernible argument on these points.  We therefore decline to address these points of error.  See Kahoʻohanohano ex rel. Morales-Kahoʻohanohano v. Dep't of Hum. Servs., State, 117 Hawaiʻi 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008) (stating that the Hawaiʻi Supreme Court will "disregard a particular contention if the appellant makes no discernible argument in

support of that position") (cleaned up); see also Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived.").

For the foregoing reasons, we affirm the circuit court's Foreclosure Order and Judgment, filed November 19, 2021.

DATED: Honolulu, Hawaiʻi, October 22, 2024.

On the briefs:

William Gaspar and
Joyal Gaspar,
Self-represented
Defendants-Appellants.

Justin S. Moyer,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge