**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000461
14-NOV-2024
08:05 AM
Dkt. 64 SO**

NO. CAAP-21-0000461

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS TRUSTEE FOR THE NRZ PASS-
THROUGH TRUST VII(B), A NATIONAL ASSOCIATION,
Plaintiff-Appellee,
v.
KANOA ROSS BRISTOL, Defendant-Appellant,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
FIRST HORIZON HOME LOAN CORPORATION; ASSOCIATION
OF APARTMENT OWNERS OF WAIALUA COUNTRY HOMES,
Defendants-Appellees,
and
JOHN AND MARY DOES 1-20; DOE PARTNERSHIPS,
CORPORATIONS OR OTHER ENTITIES 1-20,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC081001023)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

This appeal arises from an order confirming the sale
of a property in a foreclosure proceeding.

Defendant-Appellant Kanoa Ross Bristol (**Bristol**) appeals from the "Order Granting [Plaintiff-Appellee U.S. Bank National Association, not in its individual capacity but solely as trustee for the NRZ Pass-Through Trust VII(B), a National Association (**U.S. Bank**)]'s Motion for Confirmation of Sale, Distribution of Proceeds, and for Writ of Ejectment Filed May 2, 2017" (**Order Granting Second Motion to Confirm**); and Judgment, both filed and entered on July 12, 2021 by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal,[2] Bristol contends that the Circuit Court erred by granting the Second Motion to Confirm because **(1)** U.S. Bank "did NOT have standing to bring the foreclosure action because it was not in possession of the Note at the time the Complaint was filed"; **(2)** U.S. Bank "failed to comply" with the Circuit Court's October 26, 2017 order continuing the confirmation hearing and requiring that U.S. Bank "'shall conduct a meaningful and complete review'" of Bristol's May 11, 2017 loan modification application that was pending (**Continuance Order**); and **(3)** the doctrine of laches should apply because U.S. Bank "waited FIVE years after the foreclosure auction to file its THIRD [(sic)] Motion for Confirmation of Sale."[3]

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we affirm.

_____

[1]     The Honorable Jeannette H. Castagnetti presided.

[2]     Bristol's points of error (**POEs**) have been reordered and restated for clarity, and also numbered.  See Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4) (requiring POEs be "set forth in separately numbered paragraphs" (emphasis added)).

[3]     Bristol refers to the May 11, 2021 Declaration in support of the Second Motion to Confirm as a "third" motion for confirmation of sale.

**(1)** Bristol acknowledges that under <u>Mortg. Elec. Registration Sys., Inc. v. Wise</u>, 130 Hawaiʻi 11, 17, 304 P.3d 1192, 1198 (2013), his challenge to the lender's standing was ordinarily "subsumed under the foreclosure judgment, which had become final and binding." Bristol argues, however, that he should be allowed to present his standing challenge in this confirmation order appeal because a challenge to standing may be brought "under [Hawaiʻi Rules of Civil Procedure (**HRCP**)] Rule 60(b) even after a judgment had been entered granting a motion for summary judgment on the foreclosure[,]" under <u>PennyMac Corp. v. Godinez</u>, 148 Hawaiʻi 323, 325, 328, 474 P.3d 264, 266, 269 (2020) (stating that because "an HRCP Rule 60(b) motion is a continuation of the original action[,]" "res judicata did not preclude [defendant]'s post-judgment HRCP Rule 60(b) motion and that <u>Wise</u> is inapplicable under these circumstances").

Here, Bristol did not appeal from the foreclosure judgment, and is precluded from challenging standing in this appeal. <u>See</u> <u>Wise</u>, 130 Hawaiʻi at 17, 304 P.3d at 1198. Nor did Bristol file an HRCP Rule 60(b) motion below. <u>See</u> <u>Godinez</u>, 148 Hawaiʻi at 330, 474 P.3d at 271. Bristol's standing challenge lacks merit.

**(2)** Bristol argues that U.S. Bank failed to comply with the Continuance Order for "meaningful and complete review" of his May 11, 2017 loan modification application because U.S. Bank took two years to review the application; the June 13, 2019 letter denying the application was never sent to him; and U.S. Bank never gave him payoff figures as he requested.

The record reflects that Bristol's request for the payoff quote was made in response to an earlier 2016 Motion for Confirmation of Sale (**First Motion to Confirm**), which the

3

Circuit Court denied.  When the Second Motion to Confirm at issue in this appeal was filed on May 2, 2017, Bristol opposed it, inter alia, on grounds that he had submitted a new loan modification on May 11, 2017, and requested the Circuit Court deny the motion until a decision was made on his application. The record does not reflect that a payoff quote request was made for the Second Motion to Confirm.  At the June 8, 2017 hearing on the Second Motion to Confirm, Bristol requested a continuance for U.S. Bank[4] to evaluate his loan modification application, which the Circuit Court took under advisement.  The Circuit Court then issued its October 26, 2017 Continuance Order granting Bristol's request, and ordering "a meaningful and complete review" of the May 11, 2017 application, including "any final disposition and/or resolution thereof."

U.S. Bank's May 11, 2021 Declaration in support of the Second Motion to Confirm attached January 31, 2019 and June 13, 2019 letters reflecting the denial of Bristol's May 11, 2017 loan modification application because it "could not reduce [his] principal and interest payment."  In the 2019 letters, Bristol's application was reviewed for a "[r]etention [o]ption" and "[n]on-[r]etention [o]ption," and contained directions on how to appeal the denial.  Both letters were sent to Bristol's mailing address.  U.S. Bank confirmed at a June 3, 2021 hearing on the Second Motion to Confirm, that the June 13, 2019 denial letter was never received by Bristol, as it was "returned to sender[.]"

Here, Bristol's argument that he never received the payoff quote is inapposite where the payoff request was made in

---

[4]     On August 31, 2020, U.S. Bank was substituted as plaintiff, for Bank of New York Mellon FKA the Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series (FHAMS 2005-FA5), by First Horizon Home Loans, Master Servicer, in its Capacity as Agent for the Trustee Under the Pooling and Servicing Agreement.

relation to the First Motion to Confirm, and no payoff quote was requested for the Second Motion to Confirm at issue in this appeal. Bristol provides no legal support for his argument that the time period from the October 26, 2017 Continuance Order to the January 31, 2019 denial letter (which is 15 months and not "two years" as Bristol claims) was an inordinate delay that violated the Continuance Order. Bristol's argument that he never received the second June 13, 2019 denial letter lacks merit, where U.S. Bank sent two denial letters, and Bristol does not claim on appeal that he never received the first January 31, 2019 denial letter.[5] Moreover, Bristol's claim that he did not receive the second denial letter does not establish that U.S. Bank failed to conduct the meaningful review ordered by the court. The record reflects that U.S. Bank complied with the Circuit Court's Continuance Order to conduct "a meaningful and complete review" of Bristol's May 11, 2017 application, and the Circuit Court did not abuse its discretion by granting the Second Motion to Confirm. See Sugarman v. Kapu, 104 Hawai'i 119, 124, 85 P.3d 644, 649 (2004) ("[T]he circuit court's authority to confirm a judicial sale is a matter of equitable discretion." (cleaned up)).

**(3)** Bristol argues that the doctrine of laches should apply because U.S. Bank "waited FIVE years" after the foreclosure decree and judgment, and "FOUR YEARS from the date of the last hearing" in 2017, to file the Declaration in support of the Second Motion to Confirm.[6]

---

[5] U.S. Bank points out in its Answering Brief that "[t]here is no dispute, however, that [Bristol] received the January 31, 2019 denial letter." Bristol did not respond to this argument in his Reply Brief.

[6] Bristol also argues that U.S. Bank "never proved the PRESENT amount owed"; and that "$842,669.35 was NOT the amount that the Court found was due and owing" in the foreclosure decree. This argument was not raised

The two requirements for laches to apply are: (1) "a delay by the plaintiff in bringing his claim, and that delay must have been unreasonable under the circumstances"; and (2) "that delay must have resulted in prejudice to defendant." HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 42, 464 P.3d 821, 830 (2020) (cleaned up).

Here, the record does not reflect an unreasonable delay by U.S. Bank in confirming the sale, under the circumstances of this case. After the November 2, 2015 foreclosure judgment was entered, the property was sold on April 14, 2016. The May 2, 2016 First Motion to Confirm was denied by an August 15, 2016 order because of Bristol's request for the payoff quote. The May 2, 2017 Second Motion to Confirm was continued by the October 26, 2017 Continuance Order, because of Bristol's request for a review of his May 11, 2017 loan modification application. U.S. Bank denied Bristol's application in 2019. Between March 19, 2020 and April 13, 2021, COVID-19 emergency orders issued by the Hawaiʻi courts postponed public sales of property to April 19, 2021.[7] Within a month after the resumption of public sales of property on April 19, 2021, U.S. Bank filed its May 11, 2021 Declaration in support of the Second Motion to Confirm. Thus, the record shows that the delays to confirm the sale were caused by Bristol's requests for payoff figures and review of a new loan modification application, followed by the COVID-19 emergency orders

_____

below, and is waived. See Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 500, 164 P.3d 696, 758 (2007) ("As a general rule, if a party does not raise an argument at the circuit court level, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases." (cleaned up)).

[7]    We take judicial notice of the pertinent COVID-19-related orders under Hawaiʻi Rules of Evidence Rule 201.

postponing foreclosure sales.  These delays were not caused by U.S. Bank and were not unreasonable under the circumstances. See Monalim, 147 Hawai'i at 42, 464 P.3d at 830.  The Circuit Court did not err by concluding that "the delays . . . were at [Bristol]'s request" and due to "[Bristol]'s request for loss mitigation."  As Bristol did not establish the first prong for laches, we need not further address this defense.

For the foregoing reasons, the "Order Granting Plaintiff's Motion for Confirmation of Sale, Distribution of Proceeds, and for Writ of Ejectment Filed May 2, 2017"; and Judgment, both filed and entered on July 12, 2021 by the Circuit Court of the First Circuit, are affirmed.

DATED:  Honolulu, Hawai'i, November 14, 2024.

On the briefs:

Keith M. Kiuchi,
for Defendant-Appellant.

Jade Lynne Ching,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge