**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000487
29-FEB-2024
08:01 AM
Dkt. 123 SO**

NO. CAAP-18-0000487

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WALTER L. WAGNER, Plaintiff-Appellant,
v.
WORLD BOTANICAL GARDENS, INC., Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC041000232)

**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)

Plaintiff-Appellant Walter L. Wagner (**Wagner**),

appearing self-represented, appeals from the Order of Dismissal

(**Order**), and the Final Judgment Based Upon Order of Dismissal

(**Judgment**), both entered by the Circuit Court of the Third

Circuit (**circuit court**) on May 22, 2018.[1] The Order and Judgment were entered in favor of Defendant-Appellee World Botanical Gardens, Inc. (**WBGI**), and against Wagner, and dismissed Wagner's First Amended Complaint with prejudice.[2]

Wagner argues on appeal that Judge Nakamura erred by: (1) not recusing himself; (2) allowing WBGI's attorney, Thomas Yeh (**Yeh**), "to represent the liquidated WBGI corporation without authority"; and (3) dismissing Wagner's quantum meruit claim for back pay, on the basis that it had already been litigated in federal bankruptcy court.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm.[3]

---

[1] The Honorable Greg K. Nakamura (**Judge Nakamura**) presided.

[2] Wagner filed his First Amended Complaint in June 2006. The Intermediate Court of Appeals affirmed the circuit court's summary judgment in favor of WBGI on all claims, except with respect to the quantum meruit claim for back pay, which it remanded to the circuit court. Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 268 P.3d 443 (App. 2011). Before the quantum meruit claim was resolved, WBGI filed for relief under Chapter 11 of the U.S. Bankruptcy Code, in Nevada federal bankruptcy court. That filing resulted in an automatic stay of this State case. In September 2013, the federal bankruptcy court issued its order approving the sale of WBGI's assets. The bankruptcy court subsequently dismissed Wagner's quantum meruit claim, and issued a Final Decree.

Upon conclusion of the federal bankruptcy proceedings, WBGI filed its January 2018 *Renewed Motion to Dismiss for Lack of Jurisdiction* (**Motion to Dismiss**). The Motion to Dismiss requested the circuit court's dismissal of Wagner's quantum meruit claim. The circuit court granted WBGI's Motion to Dismiss.

[3] Wagner's opening brief does not meet the requirements of Hawai'i Rules of Appellate Procedure Rule 28(b). Among other things, it fails to cite appropriately to the record and to provide legal authority in support of

(continued . . .)

(1) Wagner's contention that Judge Nakamura should have recused himself lacks merit. "Decisions on recusal or disqualification present perhaps the ultimate test of judicial discretion and should thus lie undisturbed absent a showing of abuse of that discretion." State v. Ross, 89 Hawaiʻi 371, 375, 974 P.2d 11, 15 (1998).

Hawaiʻi courts reviewing questions of disqualification and recusal apply a two-part analysis. First, with respect to judicial disqualification, "courts determine whether the alleged bias is covered by [Hawaii Revised Statutes (**HRS**)] § 601-7, which only pertains to cases of affinity or consanguinity, financial interest, prior participation, and actual judicial bias or prejudice." Kondaur Cap. Corp. v. Matsuyoshi, 150 Hawaiʻi 1, 10-11, 496 P.3d 479, 488-89 (App. 2021) (quoting Ross, 89 Hawaiʻi at 377, 974 P.2d at 17). Second, with respect to judicial recusal, "if HRS § 601-7 does not apply, courts may then turn, if appropriate, to the notions of due process . . . in conducting the broader inquiry of whether circumstances . . . fairly give rise to an appearance of impropriety and . . . reasonably cast suspicion on [the judge's] impartiality." Id. at 11, 496 P.3d at 489 (cleaned up).

---

[3](. . . continued) Wagner's arguments. Given Wagner's self-represented status, we will address his arguments to the extent that they can reasonably be discerned. Wagner, 126 Hawaiʻi at 193, 268 P.3d at 446.

The record reflects no evidence of Judge Nakamura's "actual judicial bias or prejudice" in favor of or against any party to this proceeding.  Moreover, the record does not reflect an appearance of impropriety that would have warranted Judge Nakamura's recusal.  The circuit court did not abuse its discretion in denying Wagner's motion requesting Judge Nakamura's recusal.

(2) The circuit court did not err by permitting Yeh to represent WBGI following its liquidation in the federal bankruptcy proceeding.

In its Order, the circuit court made the following unchallenged findings of fact:[4]

> 20. On April 10, 2018, the Court heard WBGI's Renewed Motion to Dismiss.  Wagner appeared by telephone.  The Court granted WBGI's Renewed Motion to Dismiss, subject to confirmation as to the continued authority of the Law Offices of Yeh & Moore, LLLC to represent WBGI for the purpose of the Renewed Motion to Dismiss.
>
> 21. WBGI's former directors, who are trustees of WBGI for the purpose of winding up the affairs of WBGI as a dissolved corporation pursuant to Nevada Revised Statutes Sections 78.585 and 78.590, including the defense of this case, has presented evidence that it has continued to authorize the Law Offices of Yeh & Moore to assist it in winding up WBGI's business affairs in a number of respects, including the dismissal of the First Amended Complaint herein.  See *Submittal of Declaration of Preston Michie in Support of Defendant World Botanical Gardens Incorporated's Renewed Motion to Dismiss for Lack of Jurisdiction* (April 20, 2018).

These findings are supported by the evidence in the record.

---

[4]     Wagner asks this court to review the Order, but does not specify which findings of fact, if any, he is challenging.  Unchallenged findings of fact are binding on appeal.  See State v. Rodrigues, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019) (citation omitted).

4

On this record, the circuit court did not clearly err in concluding that Yeh was authorized to represent WBGI in "winding up [its] business affairs[,]" which includes this State court litigation.

(3) The circuit court did not err in dismissing Wagner's quantum meruit claim for back pay. We review the circuit court's ruling de novo.[5] Ralston v. Yim, 129 Hawai'i 46, 55, 292 P.3d 1276, 1285 (2013).

Wagner does not challenge the circuit court's following conclusions of law:

> 4. Walter L. Wagner brought a "back pay" claim in WBGI's bankruptcy proceedings that is identical to the claim in this case, by filing a "proof of claim" and by filing an Adversary Complaint containing his claim in WBGI's bankruptcy;
>
> . . . .
>
> 6. Bankruptcy Judge Bruce Beesley dismissed Wagner's *quantum meruit* and back pay claim;
>
> . . . .
>
> 8. Wagner did not file a timely appeal of the bankruptcy order;
>
> . . . .
>
> 10. Therefore, Wagner's remaining claim for *quantum meruit* in Count XII of the First Amended Complaint is barred by the doctrine of issue preclusion and the matter is *res judicata*.

---

[5] We apply a summary judgment standard of review where the circuit court's order reflects that it considered the bankruptcy court's order, which was outside the pleadings, and Wagner was given a reasonable opportunity to present all material made pertinent by WBGI's motion. Goran Pleho, LLC v. Lacy, 144 Hawai'i 224, 236, 439 P.3d 176, 188 (2019) ("[A] motion seeking dismissal of a complaint is transformed into a Hawai'i Rules of Civil Procedure (HRCP) Rule 56 motion for summary judgment when the circuit court considers matters outside the pleadings.") (citation omitted).

The Nevada bankruptcy court's issuance of the March 2017 order is not disputed.[6]  And the plain language of that order establishes that, consistent with the circuit court's conclusions in this case, the federal bankruptcy court had resolved the back pay matter in WBGI's favor.  The federal bankruptcy court concluded that "Wagner has been paid more than he claimed," and that WBGI provided "unrefuted evidence" that Wagner's claim for back pay was "discharged as a matter of law."

The test for establishing res judicata was satisfied. PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 327, 474 P.3d 264, 268 (2020).  ("A party asserting res judicata has the burden of establishing: (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.") (cleaned up).  The circuit court therefore did not err in concluding that the federal court's bankruptcy judgment had res judicata effect on Wagner's quantum meruit claim.

For the foregoing reasons, we affirm the Order of Dismissal and Final Judgment Based Upon Order of Dismissal,

---

[6]     The bankruptcy court issued its Order Granting Defendants' Motion to Dismiss, or in the Alternative, Motions for Summary Judgment; Findings of Fact and Conclusions of Law in March 2017.  Wagner did not timely appeal the bankruptcy court's ruling.  The bankruptcy court filed its Final Decree, closing WBGI's case, in June 2017.

entered on May 22, 2018, by the Circuit Court of the Third Circuit.

DATED: Honolulu, Hawai'i, February 29, 2024.

On the briefs:

Walter L. Wagner,
Self-represented
Plaintiff- Appellant.

Thomas L.H. Yeh,
for Defendant-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge