**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000372**
**13-APR-2026**
**08:17 AM**
**Dkt. 64 SO**

NO. CAAP-24-0000372

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE APPLICATION OF ROBERT HIND
TO REGISTER LAND SITUATE AT WAILUPE, HONOLULU, OAHU

AND

IN THE MATTER OF THE PETITION OF
TAI SHAN SHI YE LLC, Petitioner-Appellee,
v.
ELSIE T. HARADA and CHAD K. ARAKAWA,
Trustees of the Francis K. Harada Family Trust under an
unrecorded Francis K. Harada, Revocable Living Trust
dated October 4, 1990;
ELSIE T. HARADA and CHAD K. ARAKAWA,
Trustees of the Elsie T. Harada Revocable Living Trust
under an unrecorded Trust Instrument dated October 4, 1990;
ANN FIDDLER, Executor of the Estate of Robert Fiddler,
deceased, Respondents-Appellants

APPEAL FROM THE LAND COURT OF THE STATE OF HAWAIʻI
(CASE NO. 1CLD-20-0003783)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

This case involves a disputed easement over land court-registered property in ʻĀina Haina.[1] **Tai Shan** Shi Ye LLC owns Lot 1688 (the **Dominant Property**). Elsie T. **Harada**, Chad K. **Arakawa**, and Ann **Fiddler** own Lot 1232-A-3 (the **Servient**

---

[1] *Lit.*, Hind's land (named for Robert Hind, who started the Hind-Clarke Dairy there in 1924). Mary Kawena Pukui, Samuel H. Elbert & Esther T. Mookini, Place Names of Hawaii 7 (1976).

**Property**).  The Land Court granted Tai Shan's **Petition** to amend the Servient Property's certificate[2] to note an **Easement** giving the Dominant Property access to Hao Street.  Harada, Arakawa, and Fiddler appeal from the Land Court's *Amended Judgment*.[3]  We affirm.

Land Court **Order 68604** created the Dominant Property. It granted the Dominant Property access to what would become Hao Street by an easement over the Servient Property.  It stated:

> 4.    Said Lots 1653 through 1688, inclusive, will have access to a public road as follows:
>
> . . . .
>
> G.    Said Lot 1688 has access by way of an easement over, along and under Lot 1232-A-3 (Roadway), as shown on Map 125[4] of Land Court Application No. 656.

The Easement was noted on the Dominant Property's certificate,[5] but not on the certificate for the Servient Property.

On October 15, 2020, Tai Shan filed the Petition to amend the Servient Property's certificate to note the Easement. Harada, Arakawa, and Fiddler answered and objected to the Petition.

On August 22, 2022, Tai Shan filed a memorandum that attached a copy of Order 68604 marked as Exhibit E, Land Court **Order 31179** marked as Exhibit L, and other land court documents.

---

[2]    **"Certificate** means a certificate of title showing the owner's name, a description of the land and a summary of encumbrances affecting the land, if any."  Rules of the Land Court, Rule 1.2.

[3]    The Honorable Gary W.B. Chang presided.

[4]    Map 125 shows the Servient Property is a "(44-ft. Road)" terminating on Hao Street.

[5]    Certificate No. 1033825 described the Dominant Property as 100.963 acres,

> TOGETHER WITH a right of way across Lot 1232-A-3 as provided by Land Court Order 68604[.]

An evidentiary hearing was held on September 12, 2022. Harada, Arakawa, and Fiddler's attorney, Mark **Kawata**, requested permission to ask Tai Shan's attorney, Michael **Lam**, questions. The court granted the request but stated, "we won't call it cross-examination since Mr. Lam is not a witness[.]" Kawata replied, "Yes."

Kawata asked Lam — who was not placed under oath — questions about Exhibit L (Order 31179). Page three of Exhibit L stated:

> NOTE:
> Petition states "Lot 1463-A-2 shall have an easement 12 feet wide over and across Lot 1463-A-1 for access to public roadways. At such time as said land is developed and a roadway lot or roadway lots are created serving Lot 1463-A-2, said easement shall be confined to said roadway lot or roadway lots and the remainder of Lot 1463-A-1 is released."

> This exchange took place:

> MR. KAWATA: Turn to page three. Let's go back to the section that's under the words capital -- all caps, NOTE.

> Now, *the easement referred to here is a 12 foot wide easement over and across Lot 1463 A-1* [sic]. Is that correct?

> MR. LAM: There's a 12 foot notation.

> MR. KAWATA: And it -- so is [Tai Shan] asking for a 12 foot wide notation -- a 12 foot wide easement over Lot 1232-A-3?

> MR. LAM: My understanding is that [Tai Shan] are requesting the easement or [sic] and along [Harada, Arakawa, and Fiddler's] lot for roadway purposes --

> MR. KAWATA: Okay, now --

> MR. LAM: -- (inaudible) can be determined on reasonableness and --

> MR. KAWATA: And, Mr. Lam, aren't you -- isn't [Tai Shan] expanding the scope of the easement past the 12 foot wide limitation noted in the Order of Subdivision?

> MR. LAM: There's nothing in our moving papers or our evidence seeking to expand anything. We're seeking to obtain the easement noted on the certificate of -- of title on [Harada, Arakawa, and Fiddler's] property, as reflected in Exhibit E, Section 4G at page 17.

> . . . .

>MR. KAWATA: *And you would agree with me that Lot 1463-A-1 is a precursor to [Harada, Arakawa, and Fiddler's] Lot Number 1232-A-3; is that correct?*
>
>MR. LAM: All I know, Mr. Kawata, is that ***Exhibit E*** is a document that was amended and the original filing date of that is January 26th, 1984. That document ***contains the easement that we're referring to***.
>
>MR. KAWATA: Do you have a copy of a map which delineates where on Lot 1232-A-3 the easement is located or what the boundaries of the easement are?
>
>THE COURT: There is no such map.
>
>MR. KAWATA: Okay.
>
>THE COURT: What's your point, Mr. Kawata? This is not to determine the location of the easement. It is --
>
>MR. KAWATA: Yes.
>
>THE COURT: -- to determine or note on the certificate of title the easement over [Harada, Arakawa, and Fiddler's] property.
>
>MR. KAWATA: Okay. Now I agree with that, your Honor.
>
>But should the notation not be limited to 12 feet?
>
>THE COURT: Well, of course.
>
>MR. KAWATA: Yes. And that's the only reason I'm inquiring of this.
>
>THE COURT: Well -- well -- well -- well, where does -- it's -- where do [Tai Shan] say that they want an easement wider than 12 feet?
>
>MR. KAWATA: Ah, they weren't specific. I -- I heard Mr. Lam to say they want the whole lot. That's my understanding.
>
>THE COURT: No, I'm not granting an easement over the entire lot. It's going to be a 12 foot wide easement. We're -- we're wasting our time.

(Emphasis added.)

The Land Court orally ruled that a 12-foot easement in favor of the Dominant Property burdened the Servient Property, and orally granted the Petition. But Kawata — and apparently the Land Court — were mistaken. Map 237, to which Order 31179 referred, showed the subdivision of Lot 1463-A into Lots 1463-A-1 and 1463-A-2. The map showed the Servient Property as *existing* Lot 1232-A-3. Lot 1463-A-1 was *not* "a precursor" to the Servient Property.

On September 19, 2022, Tai Shan filed a ***Motion for Clarification*** of the Land Court's oral ruling. The motion stated that although the Land Court ruled the Easement to be twelve feet wide, "the land court order granting an access easement . . . does not restrict, in any way, the easement within" the Servient Property. The motion asked for clarification that the Easement's width was not restricted.

Harada, Arakawa, and Fiddler objected to the motion. They argued: (1) the motion was one for reconsideration, and was based on evidence that could and should have been introduced at trial; (2) there was no mistake, inadvertence, surprise, or excusable neglect; (3) there was no showing of exceptional circumstances demonstrating a need for extraordinary relief; and (4) the trial was over and further consideration of evidence is barred by res judicata.

The Land Court granted the motion. The March 14, 2024 order stated:

> after the evidentiary hearing concluded and before the parties submitted their proposed findings of fact, conclusions of law, and order, [Tai Shan] realized that an error had been made. The references to a 12' wide easement actually related to a different easement, not the subject easement. The subject easement did not have any such 12 foot width restriction.
>
> There is no evidence that any attorney or party intentionally misled the court during the evidentiary hearing. Furthermore, it appears that the error regarding any dimension restriction or limitation was genuine and not the product of any party attempting to falsify the evidence.
>
> Therefore, the court finds and concludes that any reference to the subject easement being a 12 foot wide easement is a product of an honest mistake. As such, pursuant to HRCP 60(b), the court finds and concludes that there is good cause to amend or clarify the court's finding and conclusion that the subject easement is a 12 foot wide access easement. Any reference to the subject easement being 12 feet wide shall be deleted from the court's order.
>
> . . . .
>
> The court specifically prefers to include in the findings of fact, conclusions of law, and order the following language: "subject access easement does not have any restriction or limitation at this time."

5

The *Amended Findings of Fact and Conclusions of Law and Order Granting Petition to Amend Certificate of Title No. 536,208 to Note Easement* was entered on April 15, 2024.[6]  Finding of fact no. 11 — the only one challenged by Harada, Arakawa, and Fiddler — states:  "At this time and on the record before the Court, no restriction or limitation of the subject access easement exists."  As we discuss below, that finding was not clearly erroneous.

The Amended Judgment was also entered on April 15, 2024.[7]  This appeal followed.  Harada, Arakawa, and Fiddler state fourteen points of error.  Their six-point argument does not follow their points of error.  We analyze their arguments; points not argued are waived.  Hawaiʻi Rules of Appellate Procedure Rule 28(b)(7).

**(A)**  Harada, Arakawa, and Fiddler argue the Motion for Clarification should have been denied because Tai Shan failed "to show or prove any 'mistake, inadvertence, surprise, or excusable neglect' in this case as required under Rule 60(b)(1) HRCP."

The Hawaiʻi Rules of Civil Procedure (**HRCP**) apply to proceedings before the Land Court.  See HRCP Rule 81(b)(1).  HRCP Rule 60 covers motions for relief "from a *final* judgment, order, or proceeding" (emphasis added).  When Tai Shan moved for clarification, proceedings on its Petition were not final because the Land Court had not entered a final judgment or final order from which an appeal could have been taken.  The Land Court's oral order about a 12-foot easement was interlocutory.  HRCP Rule 60 did not apply to the motion.  See PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 328, 474 P.3d 264, 269 (2020) (stating that the "primary purpose" of an HRCP Rule 60(b) motion "is to authorize the reopening of a closed case or a final order" (quoting Cho v. State, 115 Hawaiʻi 373, 383, 168 P.3d 17, 27 (2007))).

---

[6]     It is unclear why the document was titled "Amended," because the record shows no previous entry of written findings, conclusions or an order on the Petition.

[7]     Again, it is unclear why the judgment was titled "Amended" because the record shows no previous entry of a judgment.

The Land Court's order granting the Motion for Clarification cited HRCP Rule 60(b), but the error was harmless. A "trial court has inherent power to reconsider interlocutory orders." Cho, 115 Hawaiʻi at 383, 168 P.3d at 27. The record clearly shows the Land Court made a mistake — induced by Kawata — by referring to a 12-foot easement that did not burden the Servient Property. Contrary to Harada, Arakawa, and Fiddler's argument, Lam did not make the same mistake; he stated that Exhibit E (Order 68604) "contains the easement that we're referring to." Order 68604 contained no 12-foot limitation. The Land Court acted within its discretion by exercising its inherent power to correct the mistake induced by Kawata.

**(B)** Harada, Arakawa, and Fiddler's argument that there was "no other reason justifying relief from judgment" lacks merit.

**(C)** Harada, Arakawa, and Fiddler's argument that an "evidentiary hearing was necessary to have [the] relief requested" lacks merit. The Motion for Clarification was not based on new evidence. The Land Court reconsidered its interlocutory oral order based on evidence admitted during the evidentiary hearing.

**(D)** Harada, Arakawa, and Fiddler's argument that "the case was decided on the merits and thus relief should be denied under res judicata and collateral estoppel" lacks merit. PennyMac Corp., 148 Hawaiʻi at 329-30, 474 P.3d at 270-71 (concluding that res judicata did not apply because a motion for reconsideration "was not a new action but rather a continuation of the original foreclosure case").

**(E)** Harada, Arakawa, and Fiddler's argument that Lam was precluded "from testifying as a witness" is utterly without merit. Kawata acknowledged that Lam was not a witness.

**(F)** Harada, Arakawa, and Fiddler's argument that the evidence on which the Motion for Clarification was based was "inadmissible due to lack of foundation" lacks merit. The motion was based on the content of documents admitted into evidence for the evidentiary hearing. Those documents had also been filed in

7

the land court, and were subject to judicial notice.  <u>See</u> Rule 201, Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (2016).

The Land Court acted within its discretion by granting Tai Shan's Motion for Clarification.  The Amended Judgment entered on April 15, 2024, is affirmed.

DATED:  Honolulu, Hawaiʻi, April 13, 2026.

On the briefs:

Mark S. Kawata,
for Respondents-
Appellants.

Michael L. Lam,
Lisa K. Broulik,
Steven E. Tom,
Kenneth V. Go,
for Petitioner-Appellee
Tai Shan Shi Ye LLC.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge