**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000611**
**18-JUN-2026**
**12:06 PM**
**Dkt. 36 SO**

NO. CAAP-24-0000611

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LANI PACIFIC, a registered business entity,
Plaintiff-Appellant,
v.
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006
SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR4,
Defendant-Appellee, and
DOES 1 through 20, Inclusive,
Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-23-0000461)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and McCullen, JJ.)

Self-represented Plaintiff-Appellant **Lani Pacific**[1]

appeals from the Circuit Court of the Third Circuit's August 21,

2024 Judgment that entered summary judgment in favor of

---

[1] As explained in this court's summary disposition order in consolidated cases CAAP-21-0000281 and CAAP-21-0000456, David Paul **Biesemeyer** is the "Registrant/Sole Proprietor" of Lani Pacific, and Lani Pacific is a trade name registered by Biesemeyer. See generally Garcia v. Fernandez, 146 Hawaiʻi 627, 463 P.3d 1284, Nos. CAAP-18-0000375 and CAAP-18-0000492, 2020 WL 2991784, at *2 (App. June 4, 2020) (SDO) (holding that a sole proprietorship may litigate pro se).

Defendant-Appellee Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR4 (**Deutsche Bank**).[2]

On appeal, Lani Pacific challenges the denial of its Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b) motion and the granting of Deutsche Bank's summary judgment motion.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

## I.     BACKGROUND

The litigation related to this case spans over ten years and involves four circuit court proceedings and three appeals to this court:

**A.     2015 Foreclosure Action (Case No. 3CC15100074K)**

In 2015, Deutsche Bank filed a complaint against Michael N. Bauer and Lori J. Bauer (together, **the Bauers**) to foreclose a mortgage on 79-7250 Saint Paul Road, Kealakekua, Hawaiʻi 96750 (**the Property**).

However, in 2016, the circuit court dismissed the complaint under Rule 29 of the Rules of the Circuit Courts of

---

[2]   The Honorable Wendy M. DeWeese presided.

the State of Hawaiʻi (**RCCH**) for lack of prosecution.[3]  The dismissal order stated that the "dismissal may be set aside and the action reinstated by order of the court for good cause upon motion duly filed" within ten days.  No motion to set aside was ever filed, and no final judgment was ever entered.

In 2018, Lani Pacific purchased the Property from the Bauers via quitclaim deed for $2,000.00.

**B.    2019 Foreclosure Action (Case No. 3CC19100014K)**

In 2019, Deutsche Bank filed a foreclosure complaint against the Bauers and Lani Pacific (**2019 Foreclosure Action**).  In 2020, Deutsche Bank moved for summary judgment and/or default judgment and an interlocutory decree of foreclosure.  Lani Pacific opposed the motion, arguing that the mortgage assignments were false or fraudulent.

In 2021, the circuit court granted Deutsche Bank a foreclosure decree and a corresponding judgment, finding that Lani Pacific took title to the Property subject to Deutsche

---

[3]  RCCH Rule 29 provides:

> An action may be dismissed with prejudice sua sponte with written notice to the parties for want of prosecution where all defendants are in default and if the plaintiff fails to obtain entry of default and fails to apply for default judgment within six months after all defendants are in default.  Such dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of the order of dismissal.

Bank's mortgage, and thus, Lani Pacific's interest was extinguished upon entry of the decree.

**C.    2020 Quiet Title Action (Case No. 3CCV-20-0000212)**

Meanwhile, Lani Pacific filed a complaint to quiet title against Deutsche Bank (**2020 Quiet Title Action**), arguing that title to the Property was vested in Lani Pacific and Deutsche Bank had no interest therein.[4]

Deutsche Bank moved for judgment on the pleadings or for summary judgment in the alternative, arguing that Deutsche Bank had a valid mortgage interest in the Property.  In 2021, the circuit court entered an order and corresponding judgment granting Deutsche Bank's motion for summary judgment and dismissing the case with prejudice.

**D.    Consolidated Appeals (Case Nos. CAAP-21-0000281 and CAAP-21-0000456)**

Lani Pacific appealed from the judgments in the 2019 Foreclosure Action and 2020 Quiet Title Action.  This court consolidated the cases and affirmed both judgments.  The Hawaiʻi Supreme Court denied Lani Pacific's application for certiorari.

---

[4]  On August 25, 2020, the circuit court concluded that the 2020 Quiet Title Action presented a compulsory counterclaim to the claims in the 2019 Foreclosure Action, and it orally consolidated the cases.  However, no written consolidation order appears in either case.  Thus, the cases were never officially consolidated.

4

**E.    2023 Action (Case No. 3CCV-23-0000461)**

Following the denial of its application for certiorari, Lani Pacific filed in circuit court "A NEW CIVIL ACTION FILING THAT INCLUDES A RULE 60(B)(6) MOTION TO SET ASIDE THE JUDGMENTS IN THE FOLLOWING CASES" and listed the 2019 Foreclosure Action and 2020 Quiet Title Action, which created a new case (**2023 Action**).

Deutsche Bank moved for summary judgment, arguing that:  (1) the claims were barred by res judicata because they arise out of the same transactions and occurrences as the 2019 Foreclosure Action and 2020 Quiet Title Action, (2) the claims should have and could have been raised in the 2019 Foreclosure Action and 2020 Quiet Title Action, (3) Lani Pacific lacked standing to challenge the mortgage assignment, and (4) the mortgage assignment was not fraudulent.

In 2024, the circuit court entered an order and corresponding judgment granting Deutsche Bank's summary judgment motion and concluding that (1) Lani Pacific lacked standing to challenge the mortgage assignment, (2) there was no fraud on the court in the 2019 Foreclosure Action or the 2020 Quiet Title Action, and (3) Lani Pacific's other claims were barred by res judicata, because they arose out of the same transactions and

occurrences as the 2019 Foreclosure Action and 2020 Quiet Title Action and the arguments could have been raised in those cases.

Lani Pacific appealed.

## II.  DISCUSSION

Although Lani Pacific's opening brief does not comply with Hawaiʻi Rules of Appellate Procedure Rule 28, we endeavor to address its appeal to the extent we can discern the issues raised.  See Erum v. Llego, 147 Hawaiʻi 368, 380, 465 P.3d 815, 827 (2020).  In its points of error, Lani Pacific contends the circuit court misapplied res judicata, misconstrued standing, erred in upholding a void foreclosure judgment, and failed to recognize fraud upon the court.  These points of error are based on Lani Pacific's arguments that (1) the dismissal of the 2015 Foreclosure Action rendered all other judgments void, and (2) Deutsche Bank's attorneys' failure to inform the court of the 2015 Foreclosure Action's dismissal was fraud upon the court.

We review an award of summary judgment de novo. Taniguchi v. Ass'n of Apartment Owners of King Manor, Inc., 114 Hawaiʻi 37, 46, 155 P.3d 1138, 1147 (2007).

But, before we address Lani Pacific's arguments, we first consider the propriety of using HRCP Rule 60(b) to initiate the 2023 Action.  HRCP Rule 60(b) authorizes the court to relieve a party from a final judgment "on motion":

6

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

(Formatting altered and emphases added.) The Hawaiʻi Supreme Court clarified that "an HRCP Rule 60(b) motion is a continuation of the original action." PennyMac Corp. v. Godinez, 148 Hawaiʻi 323, 328, 474 P.3d 264, 269 (2020).

Here, in the 2023 Action, Lani Pacific filed in the circuit court "A NEW CIVIL ACTION FILING THAT INCLUDES A RULE 60(B)(6) MOTION TO SET ASIDE THE JUDGMENTS IN THE FOLLOWING CASES" and listed the 2019 Foreclosure Action and 2020 Quiet Title Action, which created a new case.

However, as stated above, HRCP Rule 60(b) is a continuation of the original proceeding and, thus, cannot be a basis for initiating an independent action.  See id. Accordingly, to the extent we can construe Lani Pacific's 2023 Action as an HRCP Rule 60(b) motion, it is a continuation of the 2019 Foreclosure Action and the 2020 Quiet Title Action.  See id.

Because "an HRCP Rule 60(b) motion is a continuation of the original action," such a motion is not precluded by res judicata.  See id.  Res judicata, which "precludes not only the relitigation of claims or defenses that were litigated in a previous lawsuit, but also of all claims and defenses that might have been properly litigated but were not litigated or decided," applies only to separate actions or proceedings.  Wilmington Sav. Fund Soc'y, FSB v. Domingo, 155 Hawaiʻi 1, 15, 556 P.3d 347, 361 (2024); PennyMac Corp., 148 Hawaiʻi at 330, 474 P.3d at 271 (explaining that "res judicata only applies between separate actions or proceedings").

We now turn to Lani Pacific's argument that, pursuant to HRCP Rule 60(b), the dismissal of the 2015 Foreclosure Action rendered the judgments in the 2019 Foreclosure Action and 2020 Quiet Title Action void.

The complaint in the 2015 Foreclosure Action was dismissed under RCCH Rule 29 for lack of prosecution.  For an

8

RCCH Rule 29 dismissal to be an adjudication on the merits under HRCP Rule 41(b)(3)[5] and with prejudice, there must be a final judgment as required by HRCP Rule 58.[6]  See Saplan v. U.S. Bank Nat'l Ass'n, as Tr. for BAFC 2007-A, 154 Hawaiʻi 181, 188-89, 549 P.3d 266, 273-74 (2024) (holding, as to an RCCH Rule 12(q) dismissal for want of prosecution, that "the ICA and circuit court both erred to the extent they suggested that the dismissal of the 2011 action was 'on the merits' for the purpose of claim preclusion" where there was no final judgment entered).

The dismissal order in the 2015 Foreclosure Action stated that the "action is dismissed for want of prosecution pursuant to [RCCH] Rule 29" and the "dismissal may be set aside

---

[5]  HRCP Rule 41(b)(3) provides:

> (b) **Involuntary dismissal:  Effect thereof.**
>
> . . .
>
> (3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

[6]  HRCP Rule 58 provides:

> **Rule 58.  ENTRY OF JUDGMENT.**
>
> Unless the court otherwise directs and subject to the provisions of Rule 54 of these rules and Rule 23 of the Rules of the Circuit Courts, the prevailing party shall prepare and submit a proposed judgment.  The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry.  The entry of the judgment shall not be delayed for the taxing of costs.  Every judgment shall be set forth on a separate document.

and the action reinstated by order of the court for good cause upon motion duly filed" within ten days.  No motion to set aside was filed, and no final judgment was entered.  Thus, there was no final judgment on the merits in the 2015 Foreclosure Action that would render the 2019 Foreclosure Action and the 2020 Quiet Title Action void.

Lani Pacific also argues that Deutsche Bank's attorneys committed fraud upon the court, because Deutsche Bank's attorneys' affirmation failed to apprise the circuit court that the 2015 Foreclosure Action was dismissed.  However, this issue is waived.

"Legal issues not raised in the trial court are ordinarily deemed waived on appeal."  Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002).  And HRCP Rule 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Lani Pacific does not cite to where in the record it raised the failure to apprise the circuit court of the dismissal of the 2015 Foreclosure Action as a basis for its fraud claim. And even if Lani Pacific's argument was preserved, there was no final judgment on the merits in the 2015 Foreclosure Action. See PennyMac Corp., 148 Hawaiʻi at 327, 474 P.3d at 268.  As discussed above, a final judgment was not entered in the 2015

Foreclosure Action. As there was no final judgment on the merits, any failure to inform the circuit court of the dismissal for lack of prosecution in the 2015 Foreclosure Action did not amount to fraud upon the court.

Finally, to the extent Lani Pacific's 2023 Action can be construed as a separate action, Lani Pacific requested damages based on wrongful foreclosure, fraud, unlawful conversion, and misuse of process.

A party asserting res judicata must show "(1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." PennyMac Corp., 148 Hawaiʻi at 327, 474 P.3d at 268 (quoting Bremer v. Weeks, 104 Hawaiʻi 43, 54, 85 P.3d 150, 161 (2004)). "[R]es judicata precludes not only the relitigation of claims or defenses that were litigated in a previous lawsuit, but also of all claims and defenses that might have been properly litigated but were not litigated or decided." Domingo, 155 Hawaiʻi at 15, 556 P.3d at 361.

As described above, there were final judgments on the merits in the 2019 Foreclosure Action and the 2020 Quiet Title Action, those judgments were affirmed on appeal, and an application for certiorari was denied. Deutsche Bank and Lani

11

Pacific were parties in the 2019 Foreclosure Action, the 2020 Quiet Title Action, and the 2023 Action.  And the claims in all three actions involved whether Deutsche Bank had a valid mortgage interest in the Property.  Thus, the claims in the 2023 Action were raised or could have been raised in the 2019 Foreclosure Action and the 2020 Quiet Title Action and are barred by res judicata.

Accordingly, the circuit court did not err in granting Deutsche Bank's motion for summary judgment.

### III. CONCLUSION

Based on the foregoing, we affirm the circuit court's August 21, 2024 Judgment.

DATED:  Honolulu, Hawaiʻi, June 18, 2026.

On the briefs:                          /s/ Karen T. Nakasone
                                        Chief Judge
David Paul Biesemeyer
for Lani Pacific,                       /s/ Clyde J. Wadsworth
a registered business entity,           Associate Judge
self-represented Plaintiff-
Appellant.                              /s/ Sonja M.P. McCullen
                                        Associate Judge
David A. Nakashima,
Jade Lynne Ching,
(Nakashima Ching),
for Defendant-Appellee.